UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MORRIS MOORE, JR.,
    *Plaintiff*,

v.

JOHN DOE *et al.*,
    *Defendants*.

No. 3:24-cv-388 (JAM)

**RULING DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
*IN FORMA PAUPERIS***

    The plaintiff, Morris Moore, Jr., is an inmate at the Garner Correctional Institution in Newtown, Connecticut. He has applied for leave to proceed *in forma pauperis*—in other words, he has asked for permission to begin a civil lawsuit without pre-paying $405 in filing and administrative fees.[1] For the following reasons, his motion is denied.

    A federal law allows inmates to commence civil actions without pre-paying the filing fee when they submit affidavits showing that they are "unable to pay." 28 U.S.C. § 1915.[2] The Supreme Court has explained that an *in forma pauperis* affidavit "sufficient[ly]" demonstrates an inability to pay when it shows that the applicant "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). While the applicant does not need to prove absolute destitution, he does need to show that pre-paying the fee would "constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

---

[1] Doc. #11; Doc. #2.
[2] Unless otherwise noted and for ease of reading, this ruling omits all internal quotations, brackets, and derivative citations from quotations of cases cited in the ruling.

1

In applying the "necessities of life" standard in the prison context, courts take note of the fact that many of a prisoner's necessities are provided to him by the government. As the Second Circuit has explained, "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them." *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989). Accordingly, prison inmates "with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Applying these principles, one court denied an *in forma pauperis* application from an inmate with $1,461.01.[3] Another court denied *in forma pauperis* status to a prisoner with a spendable balance of $1,004.61.[4] Both cases emphasized that these prisoners did not bear the cost of room and board, and additionally had no dependents.

Yet while the standard for inmates is different, it does not mean that prisoners will never have occasion to spend money on life's necessities. As the Second Circuit recently explained, "prisoners may well have financial obligations that warrant consideration" including "medical debts, court fines, student loans" and "support for dependents." *Rosa v. Doe*, 86 F.4th 1001, 1009-1010 (2d Cir. 2023). The court of appeals reasoned that a prisoner's incarceration does not negate the possibility that they "maintain their own, often complex, economic lives." *Id*. at 1009. A court must therefore "carefully consider whether the [plaintiff's IFP] motion . . . demonstrate[s] a need for the applicant to maintain some of their own funds for necessities." *Id*. at 1010.

---

[3] *See Cruz v. Dorozco*, No. 3:20-cv-01435, (D. Conn. 2021), Doc. #15.
[4] *See Hill v. Cook*, No. 3:21-cv-00239, (D. Conn. 2021), Doc. #7 at 2.

In this case, the plaintiff had $1,491.14 in his inmate trust account the day his complaint was filed.[5] This amount is significantly more than the $405.00 in filing and administrative fees ordinarily required to initiate a civil action. The plaintiff could have paid the fees and still have had approximately $1,086.14 in his account. Courts often deny motions for leave to proceed *in forma pauperis* when the applicants have these sorts of resources.[6]

The Court has nonetheless considered whether the plaintiff has the sort of "complex" economic life referenced in *Rosa*—that is, an economic life in which significant financial obligations justify *in forma pauperis* status despite a high account balance. To help inmates demonstrate such complexity, the District of Connecticut has prepared a standard *in forma pauperis* application form. This form prompts the inmate to disclose any family support obligations or monthly expenses "on necessities of life that are not provided for [him] by the Department of Correction."[7]

In this case, the plaintiff originally filed his motion with an outdated version of the form.[8] In response, the Court sent the plaintiff a "Notice of Insufficiency," directing him to amend the errors in his previous application and sending him the updated form.[9] This notice gave the plaintiff another opportunity to explain any unusual expenses, but he disclosed none of the sort. Rather, he claims to spend $100 on commissary items every month with another $100 going to

---

[5] Doc. #12 at 1.
[6] *See Cruz v. Dorozco*, No. 3:20-cv-01435, (D. Conn. 2021), Doc. #15; *Hill v. Cook*, No. 3:21-cv-00239, (D. Conn. 2021), Doc. #7 at 2.
[7] In *Rosa*, the Second Circuit noted that the District of Connecticut's standard *in forma pauperis* application form "fail[ed] to ask for potentially relevant information." 86 F.4th at 1007 n.7. In response, the District amended its standard form effective December 15, 2023. *See* Doc. #11 at 1-3. The new form expressly prompts the inmate to disclose, among other things, the amount of money he "contribute[s] each month to the support of family members or other individuals," and the amount he "spend[s] each month on necessities of life that are not provided for [him] by the Department of Correction." *Id.* at 3.
[8] Doc. #2.
[9] Doc. #10.

3

his sister.[10] In addition, the plaintiff's balance over the past several months has only gone up, with significant deposits occurring just days apart.[11] These three deposits in March alone were enough to pay the filing fee almost two times over.

In short, the plaintiff has almost $1,500 in his account; he spends only $200 on necessities each month; and he has received deposits of as much as $778 in a recent month. He has no medical debts, court fines, student loans, support orders, or other expenses that would "demonstrate a need for the applicant to maintain some of [his] own funds for necessities." *Rosa*, 86 F.4th at 1010.

When evaluating a motion to proceed *in forma pauperis*, a court must ask whether requiring the plaintiff to pre-pay the filing fee would interfere with his ability to "provide himself and [his] dependents with the necessities of life." *Adkins*, 335 U.S. at 339. The plaintiff has not shown that to be the case here, and accordingly, I will deny his motion to proceed *in forma pauperis*. The case will be stayed for thirty days to enable him to submit the filing fee. If he does not submit the fee within thirty days of this order, his case will be dismissed without prejudice to refiling once he is able to pay the fee or to further show by means of a renewed motion and affidavit that he is unable to pay the fee.

## Conclusion

For the reasons set forth above, the Court DENIES Moore's motions to proceed *in forma pauperis*. Moore may file the required filing fee on or before **November 5, 2024**. If Moore does not pay the fee by that date, his case will be dismissed without prejudice to refiling once he is able to pay the fee or to show that he is unable to pay the fee.

---

[10] Doc. #11 at 3.
[11] Doc. #12 at 1 ($250 deposit on March 4, 2024; $300 deposit on March 9, 2024; and $228 deposit on March 15, 2024).

It is so ordered.

Dated at New Haven this 5th day of October 2024.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge